312-820 James Reis v. County of Penkeke, Circuit Authority's Office Counsel, you may proceed Good morning. May it please the Court, Opposing Counsel. My name is Matthew Govans. I represent Jane Brais, in Ray this matter. I consider this case the case of the cracked and crumbling concrete. I use that alliteration as a tool to emphasize how this case is distinguishable from the Caterpillar case that was relied upon by the Commission. Initially, in reviewing my brief, you note that the Petitioner maintains that this is a case where the standard review that applies would be a de novo review insofar as it's Petitioner's position that the facts are undisputed and the record is devoid of any conflicting inferences that can be drawn from those undisputed facts. If the Court so finds, then de novo review would be appropriate. If, however, this Court would conclude, as I argued in my reply brief, that the facts are in dispute and that the record supports multiple inferences that can be reached from those disputed facts, then whether or not this accident arose out of, in the course of the employment, would be a question of fact for the Commission, which could only then be reversed if this Court were to find that the findings of the Commission were against manifest weight. The facts are largely undisputed, and that is that the Petitioner reported for work at 8.30 on the day in question. She had a mid-morning meeting at the Respondent's Administration Building, two blocks from the Kankakee County Courthouse. She was returning from that meeting. The employee door at the south end of the building, undisputed, was locked at 8.30 and therefore did not provide her access to the Kankakee County Courthouse. Counsel, could I interrupt you just for a moment? Because in terms of the facts not being in dispute, it's kind of a tricky thing here when you're talking about a defect that plays into the injury. And here it was a defective sidewalk. Are there photographs depicting the sidewalk prior to the repairs that were made or the replacement of the sidewalk? Entered as an exhibit at arbitration were pictures of the cracked and crumbling concrete. Do you have those here? I have the copy of the record that indicates it was attached as an exhibit. I don't have the physical. Do you actually have photocopies of the photographs? No, those were admitted at the time of arbitration, is my belief. Okay. All right. Thank you. So they'll be in the record? Yes, Your Honor. My copy of the record indicates the photographs are present as an exhibit. This is another example which we as a panel talked about yesterday where the appendix has a minimum requirement, doesn't have a limitation. And since there's one judge who has the record, it's difficult to be moving the record from all over the state that consider in the future all counsel to expand that appendix with those things that really are germane to your case, both pro and con. And I think it would be very much of a help to the court. Thank you, Your Honor. And to that extent, Your Honor? Her testimony that she approached the steps of the courthouse, heel caught in the broken and cracked sidewalk, caused her to fall, the concrete wasn't level, with adjacent concrete slabs, that's undisputed, is it not? There is no dispute to those facts. That is correct, Your Honor, which is why in our briefs. So the question becomes, if an employee is injured on the employer's premises, entering the employer's premises at a usual place of entry by reason of a defect in the premises, is it compensable or isn't it? And isn't this bomberito all over again? Correct, Your Honor. I agree that it is bomberito all over again, as well as Litchfield in support. I will, not correct, but I will point out that the Petitioner cannot and did not assert in his brief that the record establishes that Respondent owned the site where the accident took place. This is analogous to bomberito. So it's the entry? It's the entry. That's correct. And in fact, bomberito's application is even more applicable insofar as bomberito involved a defect 8 feet away from the entryway. This was even closer to the Respondent's premises. Is it undisputed that the defect in the sidewalk here caused your client's fall? That is not disputed. Okay. There was no evidence presented by a Respondent relative to that issue, and we're submitting that it is undisputed. Well, no evidence in opposition, but was it acknowledged at the arbitration level and at the commission level that a defect existed in the sidewalk that resulted in your client's fall and subsequent injury? The analysis, the commission did not conduct any independent analysis in its affirmation of the arbitrator's decision, and the arbitrator focused solely, in our opinion, on the Caterpillar case and did not analyze the defective nature of the sidewalk. Did the county argue at any level, either at the arbitration level or the commission level, that the defect in the sidewalk did not cause your client to fall? There has been no argument raised by the Respondent that the defect in the sidewalk was not a proximate cause for her injuries. My understanding also is she was using the front entrance of the courthouse because the employee entrance and the rear had been locked. That is correct. And this was the way she had to get in. That's correct. It represented the only access to return to her job. So your opponent has to distinguish Bomarito. Bomarito, as well as Litchfield, in our opinion. Yes. As well as what? As well as the Litchfield case, Your Honor, because that involved almost analogous facts insofar as the petitioner in that claim also tripped on an uneven, unlevel sidewalk, which was the proximate cause to her injuries. So in that sense, both Bomarito and Litchfield would control in this case. Now you want us to reverse the circuit court, reverse the commission, and reinstate the arbitrators? We have to remand to the arbitrator insofar as the arbitrator did not reach any other issue insofar as he deemed those to be moot in light of his finding that the petitioner failed to prove that her accident arose out of the course of her employment. The county asserts Caterpillar is an analogous case to the facts here, but in Caterpillar the court found that there was no defect. It was simply a characteristic of the curve and sidewalk involved there. But one of the things that Caterpillar, the court Caterpillar indicated was that there must be a defect that was a contributing factor to the injury. And here, and this is in follow-up to my previous questions, there was no dispute that the defect here existed and it was a contributing factor to your client's fall. That is correct, Your Honor. We are asking, therefore, pursuant to the arguments contained within our briefs, that this Court find through de novo review that this is a question of law insofar as the facts are undisputed. And there is only one inference that can be drawn from those undisputed facts. And the alternative, if the Court should find that there are conflicting inferences and the facts are disputed, we would still pray that this Court reverse the arbitrator's and the commission's findings on the finding that the findings of the petitioner's injuries did not arise out of her employment or against the manifest weight of the evidence, relying upon both Bomarito and the Litchfield cases. Thank you. Thank you, Counsel. Good morning. May it please the Court, Counsel. My name is Mike Grusin. I represent the employer in this matter. I do take issue with Counsel's argument. I do take issue with this concept that there was a defect which caused the injury. There are not photographs of the accident location. There is a photograph. There is one photograph that the claimant took. And I'll – this is the only copy that I have of the original. It looks like a Rorschach inkblot. Well, you know, I'm giving you what I got. There's one page in the record, Petitioner's Exhibit 7. So when you look at the record, you can see it. In the record, though, it would be an actual photo? It would be the photograph? It would be the photograph, yeah. Okay. Thank you. I appreciate it. Thank you. So if there's a defect, she's entitled to recover it. If it's not a defect, she doesn't. It's not a defect. Did you argue at arbitration and commission level that it wasn't a defect? Yes, but it didn't necessarily come up all that much. My notes indicate that her testimony that she tripped on this defect on the sidewalk was totally unrebutted. No one disputed the fact that she tripped on whatever that is and that that caused her injury and caused her to fall. Well, I won't say that's an accurate statement. It's simply an unwitnessed accident. Well, no, no. I said it was unrebutted. She testified to it. She produced any evidence to the contrary? She, the medical records say she tripped and fell. Yeah, okay. She said she tripped and fell. She tripped on a defect on the sidewalk, is what she said. So my question to you is did you introduce any evidence contrary to her testimony as to the mechanics of the injury? No, no. So that's unrebutted. And distinguish Marmorito for me, please. Well, I don't think this is a defect case. I don't think, you know, and one of the reasons why you say, you know, did you dispute it, to a certain extent we didn't dispute it because I don't think she testified to a defect. She said, you know, the sidewalk had some crumbling to it. She testified that there was a half inch to at most an inch of alteration in the height of the sidewalk because the concrete wasn't perfect. Well, didn't she testify that she was wearing high heels, that her heel got caught in a defect in the sidewalk and she fell? She described the sidewalk as having huge cracks, being broken up. You could pretty much see the gravel that they put down underneath the concrete. That she spoke with the county about the condition of the sidewalk and that it was something that had been addressed at safety meetings and it was subsequently repaired. Two years later? When they had funds to make the repair. There's no evidence as to when they had funds to make it. I hope you're not going to catch us in the trap. It was either de minimis or it was open and obvious. I'm not saying it's open and obvious. We hear that in tort cases all the time. Nobody could ever recover for tripping on a crack in the sidewalk because the crack was either de minimis or it was open and obvious. And we used to reject that kind of out of hand most of the time when we heard it. So the question is, she says there's between an inch and a half inch differentiation in the slab. That's not a defect in your mind? No. We should all have to encounter that when we walk down sidewalks? Slabs are an inch apart. Well, a half an inch, yeah. Why a half an inch? The heel on my shoe was less than a half an inch. The heel on her shoe was at least two inches. So? Women wear two-inch heels. They wear four-inch heels. They do. And if they encounter a one-inch differentiation slab, they're going to trip on it. Well, if they encounter a grate in the sidewalk that's small enough or large enough for her than how many women have I seen walking down the street that catch their heel walking over a subway grate? Some people might suggest that that sidewalk is dangerous. And as did the claimant here. She said it was dangerous. So either if we're not capable of saying as a matter of law that this is dangerous versus it's not, then we should affirm them. If we're capable of saying it is dangerous, then we should reverse it. If you're capable of saying as a matter of law this is a dangerous condition, then you would reverse it. Or there's no contrary evidence. So under a manifest weight standard, manifest weight of the evidence establishes that it's dangerous. Yeah, the manifest weight of the evidence would not compel that conclusion. And it's not, you know, when you ask the question, you know, should we reinstate the arbitrator? This case went to arbitration. The arbitrator found the case wasn't compensable. It was appealed to the commission. They also found the case was not compensable. But, you know, you're asking me as a matter of law. And it's not just a matter of law. Did you introduce an expert to say that this is not dangerous? No. Why? You've got all sorts of experts running around that will testify. Architects will testify what's dangerous and what isn't. That's very true. That's very true. But the evidence as presented in our review did not establish that. Now, we don't have a single case where an employee trips on a defect on the way into the place of employment that was not compensable. Do we? Caterpillar. No, no. There's no defect in Caterpillar. That's just straight walking. I said where there is a defect. You've got Pomerino. You've got Litchfield. What have you got that's contrary to either of the two of them? Caterpillar. No, Caterpillar is not contrary to Pomerino or Litchfield. Where is the defect in Caterpillar? What defect is there? It was not a straight curve. You've got a curved curve. But they said it was just straight walking. There was no defect. Well, but whatever the abnormality was in Caterpillar. All abnormality is not defect. All abnormality is not defect. But that's exactly right. Sideways are abnormal because they're on a curve. That's exactly right. No one says those are defects. Well, then this is not defective either because the difference in variation in relative size or relative shape. Is it crumbling? Was it crumbling? Did she say it was crumbling? You could see the gravel? She said it was crumbling, yes. Anyone say it wasn't? Well, the photograph shows you what it is. All right. So if the photograph says it's crumbling, I guess that's defective, isn't it? No, it's not. They're supposed to be crumbling? It's not uncommon or unusual to have sidewalk that's not in absolutely pristine, perfect condition. And if it's not in absolutely pristine, perfect condition. Well, my sidewalk was crumbling. I had to fix it. Well, I did. All right. Okay. Yeah. It's, you know, is it absolutely perfect sidewalk that you're going to eat off of? No. Is it defective? No. Is it a reasonable inference for the commission to decide that this woman fell as a result of her high heels as opposed to falling as a result of a defect? The answer is yes. That's a permissible inference for the arbitrator to make. That's a permissible inference for the commission to make. Is it permissible for the commission to rely on Caterpillar? Absolutely yes. Did the commission explicitly indicate that this was a defect that contributed to cause her fall? The commission affirmed a decision of the arbitrator who did not find a defect. Okay. Here, could it just based on the facts be implicit that a defect existed that was sufficient to cause her fall? I would disagree. Okay. I would say that there is not that is a permissible inference for the commission to decide that the fall was the result of a personal condition rather than a defect in the premises. Could, based on the state of the record here and the lobbying of softball here, but could the commission find? I appreciate that because I could use one every once in a while. Okay. Could the commission find that though this condition existed and that it was a defective condition, that it did not contribute to cause her fall? Absolutely. Absolutely. You know, you, I mean, when, and, you know, the court has obviously dealt with a lot of Caterpillar cases over the years. It's hard for me to believe Caterpillar was coming close to 30 years ago. And I've been, you know, dealing with the issues ever since. And every claimant that comes to the commission that says, you know, we don't want to be stuck with the Caterpillar decision attempts to distinguish it. And Caterpillar, you know, if 30 years ago, that would take me before Caterpillar, if someone said Caterpillar will be decided in that manner, I would say no. You know, that's not the state of the law. And Caterpillar changed the law markedly. Caterpillar said, hey, you know, we're not a state that looks at only in the course of. We're a state that looks at arising out of and in the course of. And in order for arising out of to apply, you have to show a risk that is not common to the general public. And, you know, when, and I'm sure you've read Caterpillar over and over again. But this arbitrator seems to be saying that because the general public had a walk in the front door of the courthouse, that this woman was not exposed to anything that the general public wasn't exposed to, except for one problem. She's an employee and she's walking in. So it doesn't make any difference that the general public has to cross the same crack, does it? If it's a defect? Well, it's not a defect. No, if it's a defect. You've got to get a play with my questions. It's not yours. That's cool. If it's a defect, then it doesn't make any difference that the general public has to walk across to get in the courthouse, also, would it? You're correct. I agree. Well, then why does he say this? There was no increased risk that the general public, as she was completing this action in an area accessible to the public, in fact, incurred an area that was the main public entrance of the public building. It's irrelevant. It's irrelevant if there's a defect. And you're exactly right. And he doesn't even talk about the condition of the sidewalk. Because it wasn't a defect. No, he doesn't talk about it at all. He doesn't say it's not a defect. He's kind of like he's ignoring that there's, she testified there's anything wrong with it. And I don't mean to change your question, but you have to read the arbitrator's decision that it was not a defective condition. Well, I agree, but I'm looking for it. Because that's what he concluded. Well, what you're saying is it's a permissible inference. That's what he concluded because of just what Justice Hoffman read to you is the state of the law. Exactly. If there's no defect. Right. I mean, if it was a defective condition, he would have ruled differently. And it may be that he doesn't believe her or her credibility. I mean, that's a permissible inference, too, isn't it? It is the reason why we try cases before the arbitrator is to allow them to make their rulings. And he's the one who heard the evidence. He's the one who saw the witnesses. He's the one who, you know, has the first chance. And you obviously have the right obligation to change it based on rule of law. But you can't just simply say, hey, you know, we would decide this differently if we were the arbitrator hearing the case. Because he may not believe her that she fell at that location you have the photograph. She could have fell before or after. It's a completely unwitnessed fall. But here is a very, very interesting statement. Petitioner testified that she fell on a public pathway while wearing high heels due to cracked concrete. There is no factor related to her fall that is a distinctive characteristic of her employment. What does that mean? Does that make sense to you? Yes. How? Tell me. It makes sense for me. Well, it simply means that she fell while on a public sidewalk. And I don't find any aspect of a public sidewalk which caused her fall other than the fact that she's walking on the public sidewalk and she's wearing high heels. You know, I didn't write the decision. I'm interpreting it as best I can for you. But I still think that you're obligated, you're allowed, you should allow the arbitrator to make inferences that he's entitled to make. Well, let me ask you a question. It's an interesting question. Yes. We give deference to the commission's decisions on credibility over and above that of the arbitrator, even though they never saw the witness. They never heard of the witness. They read a cold record. Yes. And they read better than I can read. Why do I have to give them deference if the only thing they did was read a record? Because you always say that you should. I know. We always say we should, but maybe we should say we shouldn't. You've been doing that lately. And the same goes true with looking at a picture. If they look at a picture and say, this is not a defect, and I look at a picture and say, oh, yes, it is, now the question is, do I have to defer to their view of what's in the picture compared to what I can see? I mean, this is a little different than them hearing evidence, seeing a witness, and deciding I'm going to choose to believe them, I'm not going to choose to believe them, and would I only read a record. But if I look at exactly the same thing they look at and I say, come on, this is a defect, there's no question this is a defect. Do I have to give them any deference or not? Or should I have to give them any deference? Yes. Okay. All right. I would like to say no, because I get a lot of cases that I appeal up and I want you to just say, hey, you know, commission, you get no deference whatsoever, because I'm looking at this stuff and I'm in the same position you are. You've got to change it. Well, we have to operate under a fiction that they're there because they have some special knowledge. Well, and they do to a certain extent. I mean, you know, just like in the last case, you know, you see the names of doctors every once in a while, I see the names of doctors every day. I know. You know, and they're kind of the same way. And we have some that have never seen an x-ray that shows a fracture, it's always a hair across the film. And then we have another guy who you have a compound fracture and says, oh, no, no, that's defective film, he has nothing wrong with his leg. You know, we have to figure out which one of the two is telling the truth. I, if I had to do it over again, I'd go back and I'd be an examining physician. The money's better. Oh, yeah. Did you present the case at the arbitration level? I did not. It was tried by an associate who's no longer with my firm. Okay. Right. You know, here, just reading the arbitrator's decision, it looks like, you know, he ignored a bomberito, or to consider a bomberito here, because he doesn't address the defective condition or indicate that he didn't believe that there was a defect in the sidewalk that contributed to cause the injury. But he found in favor of your claim here, here on appeal, it's being argued that bomberito applies and that claimant should have prevailed. My question to you is, can we step in at this point and, based on the record in this case, say, yes, the facts of bomberito would apply and would compel a result opposite of what occurred here? I mean, can we do that? Well, the simple answer is you can do whatever you want, because you're entitled to make that decision. The question, I think, really is, should you? No, no. I mean, here what I'm thinking is, is that in order to get to a bomberito conclusion, there would have to be a finding, I believe, a finding of fact that a defective condition existed that caused or contributed to cause the injury. And here we don't have any such analysis at the arbitration or commission level. It's just simply ignored. So can we fill that gap with our own conclusion? I believe it would be contrary to law for you to do that. But then what would our alternative be? His analysis is terrible. He totally ignores bomberito. He totally ignores Litchfield. And he seems to suggest that because what she was doing was walking and she tripped and fell, that she's not entitled to recover because everybody walks, which is nonsense. So what should we do? We should reverse the commission, reverse the circuit court, reverse the commission and send it back for them to make a determination as to whether the condition of the sidewalk was or was not a defect. If it is a defect, award her benefits. If it's not, don't. I mean, is that the proper result here? I think the proper result is simply to affirm. And I think the proper result to affirm on this logic. I mean, this logic is terrible. I mean, the arbitrator's logic is just nonsense. I mean, the fact that he would have you believe that if I tripped and fell on the Grand Canyon, I would not recover merely because I was walking when I did it. I mean, you know, that's silly. So the question becomes if he did not apply the proper analysis, i.e., make a determination of whether the condition of that sidewalk was or was not a defect, are we obligated to send it back to allow them to make that analysis? And I would say you could. And I would suggest to you that you shouldn't, more as a question of fact, because they're entitled to make the factual analysis. And then, Judge, your argument, the, you know, Justice, I think you don't like the fact that they didn't do a bomberito analysis. I don't like the fact that he said some of the things that he said in his decision because they don't make sense. Here, I'll give you another one that's really interesting. Petitioner was walking at the time of the accident. In walking, the petitioner did not take any action different from that which he would take as a member of the general public. There was no action that the petitioner needed to complete for the benefit of her employer that was different from her activities of daily living, namely walking. Well, it's you know, when you cross a defective condition, you're walking. It's true. And it would be recoverable. Walking in a place of employment, in an area open to the general public, is not an increased risk of petitioner imposing with employment, cites a caterpillar. That's silly. It's only the law if the condition is a normal condition, non-defective. He's got to make the defective condition analysis because of her testimony that it was cracked and crumbled. He makes no such analysis. And if he doesn't make the proper analysis, how in heaven's name can we affirm him? Because it's a permissible inference. I don't think it's an inference. I think this guy doesn't understand the law. I think that's his problem. You know, having tried a number of cases in front of him on this particular issue, I'm confident that he does know the law in that respect. And I – I didn't think you were going to agree with me. Well – Go ahead. I – Justice, I don't know if I can answer your question, but the Bomarito analysis came forth in the circuit court. So if the question is, hey, can we look at Bomarito and still affirm the case, the answer is yes. And Bomarito, I would submit to you, is a significantly different case because there was an obvious defect. And I'm sorry, I can't answer your question. You know, after Caterpillar, we've had so many cases causing – creating exceptions to Caterpillar. The reason the arbitrator puts that language in the – in his decision is to not respond to the Bomarito analysis, but to the other appellate court cases that have said, hey, you know, this is an exception to Caterpillar, this is an exception to Caterpillar. For example, it's a parking lot case. For example, it's a special – some sort of special risk case. For example, it's, you know, I'm at this courthouse, you know, more times than somebody else and I have a greater risk. I was hurrying, I was carrying all of the other exceptions that have come to Caterpillar. That's the reason for that language in the arbitrator's decision is to not necessarily address Bomarito, but to address all of the other cases that have interpreted Caterpillar to create exceptions to it. Okay, counsel, your time is up. Thank you. I appreciate your time. Thank you, counsel. At no time throughout the appellate process has respondent argued the absence of a defect. It's not raised in their brief. If you look at the brief presented before this court, the analysis was on risk and only risk. There has been no argument raised that there was an absence of a defect in the sidewalk. And for Caterpillar to apply – Well, you know, if there's no defect, there's no risk. I understand. But as you had pointed out in the previous argument here, the arbitrator completely ignored – I'm not a fan of the arbitrator's decision. Trust me on that one. But for Caterpillar to apply according – I mean, the analysis itself. What the outcome is, that's a different issue. But the analysis is terrible. It's true. Right. The question is what do you do about it? Right. Well, the record established from her testimony, unrebutted testimony, that it was not only one half inch to one inch gaps in the concrete cracks that her heel caught upon, but also one half inch to one inch depression of the cracked concrete in relation to adjacent slabs of concrete. Well, counsel, the evidence might have been unrebutted as to the condition of the sidewalk. But it doesn't mean that it compelled a conclusion that it was defective such that it was dangerous for Bommarito or that it contributed to cause your client's fall. So we're basically left without findings of fact within the arbitrator's decision and getting back to what was previously discussed, basically the ignoring of Bommarito analysis. So what are we left with? On the state of this record, even though you're saying that the evidence of the condition of the sidewalk was unrebutted, are you saying that it compels a conclusion that the sidewalk was defective and contributed to cause your client's injury? We would submit, yes, that's correct. Because the use of Caterpillar, the analysis of Caterpillar, it's reasonable for this Court to infer that the arbitrator necessarily concluded that one half to one inch cracks, depressed cracked sidewalk, is the characteristic of a sidewalk, which flies in the face of Litchfield, which flies in the face of Bommarito. And so far as the curve in Caterpillar, the Court concluded that was a characteristic of the curve. It wasn't a defect. For Caterpillar to apply to the section of concrete that was in question here that caused her to fall with her heel getting caught, the arbitrator must have concluded that that is a characteristic of a slab of concrete, to have one half to one inch cracks, to have a condition to adjust the sidewalk. You are in Kankakee County, sir. Pardon? You are, I, as part of my district, you are in Kankakee County, and may well be in Kankakee County. It also flies in the face of the record that established that Chief Attendant safety meetings concerning the condition of the sidewalk and that it was replaced, that, that is not rebutted by any evidence of respondent. And there's an inference that can be drawn from that unrebutted testimony as well, that there was, that, that the cracked concrete as described by Petitioner is not a natural character of a slab of concrete, in fact, necessitating repair. That's an inference that can be drawn by her unrebutted testimony that subsequent to her fall, she attended safety meetings, and in fact, that concrete slab was replaced. And so it doesn't make any difference that she's not exposed to a greater degree than that of the general public? That's correct. Special hazard. As long as it's defective, and she was in the course of her employment. Was there, was there any objection to the introduction of the evidence of subsequent remedial measure? No, there was not. That was unrebutted without objection. Okay. I think that's part of the confusing state of the law. You now are just in positional risk in the course of, if it is a defective condition. That's correct. There's no talking about arising out of anything. Well, in light of the special hazard rule, it's been carved out. What? In light of the special hazard rule, it's been carved out. The facts apply. Right. The special hazard rules are result-oriented. But the facts in this case are very close to the facts presented in Litchfield in terms of the condition of the sidewalk, as well as the Bomarito facts, which established a defective condition. There are some of us who think it should be revisited. You're shocking me to suggest that judicial opinions are result-oriented. I know. It's just my gut. Thank you. I'm shocked to find that out. Okay. Well, thank you, Counsel Bowles, for your arguments in this matter this morning. I appreciate it. It will be taken under advisement that this position shall be adjusted. Thank you. Thank you. Thank you. The Court will stand and recess the subject of further discussion. So called. So called.